IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02212-NRN

VICTORIA MORRIS,

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,

Defendant.

**JOINT MOTION TO AMEND SCHEDULING ORDER
(ECF NO. 20) TO EXTEND EXPERT DISCLOSURE DEADLINES BY 30 DAYS**

The parties move pursuant to Fed. R. Civ. P. 16(b)(4), and D.C.COLO.LCivR. 6.1(b), to amend the Scheduling Order, ECF No. 20 to extend expert disclosure deadlines by 30 days. Specifically, there is good cause to extend the deadlines as set forth below to allow the parties to explore out of court resolution of this matter, and if unsuccessful, to complete outstanding discovery:

| Event | Current Deadline | Requested Deadline |
|---|---|---|
| Expert Disclosure Deadline | April 11, 2022 | May 11, 2022 |
| Rebuttal Expert Disclosure Deadline | May 20, 2022 | June 20, 2022 |
| Discovery Cut-Off | June 27, 2022 | Discovery Cut-off extended for for the purpose of deposing |

1

|  |  | timely disclosed Experts, only – July 20, 2022 |
|---|---|---|

## ARGUMENT

A scheduling order will be amended "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990) (observing that "rigid adherence to the pretrial scheduling order is not advisable"). In evaluating whether parties have demonstrated good cause for modification, courts generally consider the following factors: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the court; and (6) the likelihood that the discovery will lead to relevant evidence. *See Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co., LLC*, 300 F.R.D. 678, 681 (D. Colo. 2014).

These factors favor finding good cause to extend the above case deadlines by 30 days. First, a trial date has not been set. Second, the request is made jointly.

Third, no prejudice will result to either party if the requested modification of the case deadlines is granted. The parties seek the extension jointly.

Fourth, the parties have been working together collaboratively to complete discovery, having resolved the dispute regarding Plaintiff's Objection to an in-person Rule 35 Examination of the Plaintiff by Defendant's expert Dr. Elfenbein.

As to the fifth and sixth factors, the expert deposition testimony the parties may obtain as a result of the requested extension is highly relevant to claims and defenses at issue in this case,

and both parties have an interest in ensuring that the facts in this case are fully and fairly evaluated.

Under D.C.COLO.LCivR 6.1(c), undersigned counsel certifies that a copy of this motion will be served on his or her respective client.

## CONCLUSION

For the reasons set forth herein, good cause exists to amend the Scheduling Order as requested. The parties respectfully request that the Court grant the motion.

Respectfully submitted on March 21, 2022.

s/ *Stephen A. Justino*
Stephen A. Justino
Boesen Law, LLC
4100 E. Mississippi Ave, Suite 1900
Denver, CO 80246
Telephone: (303) 999-9999
Email: sjustino@boesenlaw.com
Attorney for Plaintiff

s/ Erica O. Payne
Erica O. Payne
Zupkus & Angell, P.C.
789 Sherman Street, Suite 500
Denver, CO 80203
Telephone: (303) 894-8948
Email: epayne@zalaw.com
Attorney for Defendant

**CERTIFICATE OF SERVICE (CM/ECF)**

      I hereby certify that on March 21, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the following email addresses:

    Erica O. Payne
    epayne@zalaw.com

                                        s/ *Jennalyn Tew*
                                        Paralegal, Boesen Law, LLC